**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUIS ENRIQUE RECINOS-LOBOS, JOSE GERARDO RECINOS-LOBOS, and VIRGINIA ARACELI RECINOS-LOBOS,<br><br>Petitioners,<br><br>v.<br><br>ERIC H. HOLDER, JR., Attorney General,<br><br>Respondent. | No. 08-74318<br><br>Agency Nos. A099-482-708, A099-482-709, A099-670-941<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 16, 2013[**]
San Francisco, California

Before: GRABER and CHRISTEN, Circuit Judges, and TUNHEIM,[***] District
Judge. _____

_____

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes that this case is suitable for decision
without oral argument. Fed. R. App. P. 34(a)(2).

[***] The Honorable John R. Tunheim, United States District Judge for the
District of Minnesota, sitting by designation.

Petitioners Luis Enrique Recinos-Lobos, Jose Gerardo Recinos-Lobos, and Virginia Araceli Recinos-Lobos petition for review of an order of the Board of Immigration Appeals ("BIA") denying asylum and denying withholding of removal. Reviewing purely legal questions, such as who bears the burden of proof on an issue, de novo, Singh v. INS, 94 F.3d 1353, 1358 (9th Cir. 1996), and reviewing the BIA's denial of asylum for substantial evidence, Krotova v. Gonzales, 416 F.3d 1080, 1084 (9th Cir. 2005), we deny the petition.

1. Substantial evidence supports the BIA's finding that Luis and Jose failed to establish that they suffered past persecution or had a well-founded fear of future persecution. See 8 U.S.C. § 1101(a)(42); see also 8 U.S.C. § 1158(b)(1). Even considering Luis and Jose's experiences in light of Virginia's experiences, the record does not compel the conclusion that the unfulfilled threats against Luis and Jose were so menacing as to amount to past persecution, Lim v. INS, 224 F.3d 929, 936 (9th Cir. 2000), or that Jose and Luis's fear of future persecution was objectively well-founded, Njuguna v. Ashcroft, 374 F.3d 765, 770 (9th Cir. 2004).

2. Substantial evidence also supports the BIA's finding that Virginia failed to establish that she suffered persecution "on account of" her political opinions. 8 U.S.C. §§ 1101(a)(42), 1158(b)(1). Even viewing the evidence involving the petitioners cumulatively, the record does not compel the conclusion that the attacks

2

on Virginia were politically motivated because there is no direct evidence of such motivation and there are logical, non-political explanations for the persecution. See Sangha v. INS, 103 F.3d 1482, 1490 (9th Cir. 1997).

3. Additionally, substantial evidence supports the BIA's finding that the petitioners failed to establish that the government of El Salvador was unable or unwilling to control the sources of their alleged persecution. See Chand v INS, 222 F.3d 1066, 1073 (9th Cir. 2000). Petitioners never contacted the authorities and the limited record, including that fact that Virginia's life partner, a political figure, recommended that she leave El Salvador, does not compel a conclusion that doing so would have been futile. See Ornelas-Chavez v. Gonzales, 458 F.3d 1052, 1058 (9th Cir. 2006).

**Petition DENIED.**